**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO.: 0:25-cv-61354-RS

FEARLESS TIES 4, LLC, A Tennessee Limited Liability Company,

Plaintiff,

v.

BRYAN S. JOHNSON, a/k/a Reazy or Reazy Renegade, an individual, and NICHOLAS KOUTSODONTIS, a/k/a Chiko, an individual,

Defendants.
_______________________________________/

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendants, BRYAN S. JOHNSON a/k/a Reazy or Reazy Renegade ("Johnson") and NICHOLAS KOUTSODONTIS a/k/a Chiko ("Koutsodontis") (collectively "Defendants"), hereby file this answer and affirmative defenses to FEARLESS TIES 4, LLC's Complaint, and therefore state:

## ANSWER

1. Admitted.

2. Admitted.

3. No knowledge.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Admitted solely as to the existence of the email, denied as to the remainder.

17. Denied.

18. Denied.

19. Denied as to who Jerry Burch was speaking on behalf of, Admitted as to the remainder.

20. Admitted.

21. Admitted.

22. Denied.

23. Admitted.

24. Admitted.

25. Denied.

26. Denied.

27. Denied.

28. Unknown.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Admitted.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Unknown at this time until discovery is conducted.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Admitted that Plaintiff realleges and incorporates the prior paragraphs but denied consistent with the foregoing.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Defendants' Motion to Dismiss has been filed as to Count II, therefore Defendants do not respond to paragraphs 63 to 69.

70. Admitted that Plaintiff realleges and incorporates the prior paragraphs but denied consistent with the foregoing.

71. Admitted.

72. Admitted.

73. Denied.

74. Admitted.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Defendants' Motion to Dismiss has been filed as to Count II, therefore Defendants do not respond to paragraphs 79 to 85.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### FAILURE TO ADD AN INDISPENSABLE PARTY

Plaintiff's claims fail, in whole or in part, to state a cause of action upon which relief may be granted. The allegations in the Complaint, even if taken as true, are legally insufficient to support claims for accounting and breach of fiduciary duty because they did not add an indispensable party, Hits Only.

### SECOND AFFIRMATIVE DEFENSE
### LACK OF JUSTIFIABLE RELIANCE

As to the fraud in the inducement claim, Plaintiff's reliance on any alleged representations by either Defendant was not reasonable or justified under the circumstances. Plaintiff had full opportunity to investigate the matters at issue and either did investigate or failed to do so at their own peril.

### THIRD AFFIRMATIVE DEFENSE
### UNCLEAN HANDS

Plaintiff's claims are barred under the doctrine of unclean hands. Plaintiff engaged in wrongful, inequitable, or bad-faith conduct in connection with the matters alleged in the Complaint, including breaching the operating agreement, failing to participate in corporate meetings, failing to perform its duties, and failing to use his contacts to further the business of Hits Only as it promised to do, which directly relates to the subject matter of the lawsuit and contributed to the failures or inadequacies of Hits Only.

### FOURTH AFFIRMATIVE DEFENSE
### FAILURE TO MITIGATE DAMAGES

Plaintiff has failed to mitigate any alleged damages and therefore is barred from recovering any damages that could have been reasonably avoided through the exercise of due diligence.

**FIFTH AFFIRMATIVE DEFENSE**
**LACK OF DAMAGES**

Plaintiff has not suffered actual, cognizable damages proximately caused by Defendant's conduct. Any alleged damages are speculative, remote, or otherwise unrecoverable.

**SIXTH AFFIRMATIVE DEFENSE**
**PERFORMANCE & SUBSTANTIAL PERFORMANCE**

Defendant fully performed, or substantially performed, all material obligations under the Operating Agreement and under applicable law, and any alleged breach is immaterial.

**SEVENTH AFFIRMATIVE DEFENSE**
**PAROL EVIDENCE RULE**

Any claim based on alleged oral misrepresentations that contradict the written terms of the Operating Agreement or other executed documents is barred under the parol evidence rule.

**EIGHT AFFIRMATIVE DEFENSE**
**ECONOMIC LOSS RULE**

To the extent Plaintiff's tort claims (fraud in the inducement, breach of fiduciary duty) are inextricably intertwined with and arise solely from alleged breaches of the Operating Agreement, such claims are barred by the independent tort doctrine/economic loss rule.

## COUNTERCLAIM

Counter-Plaintiffs, BRYAN S. JOHNSON p/k/a Reazy or Reazy Renegade ("Johnson") and NICHOLAS KOUTSODONTIS ("Koutsodontis") and Hits Only Music Entertainment, LLC ("Hits Only" or the "Company") (collectively referred to as "Counter-Plaintiffs"), by and through the undersigned counsel, hereby files its Counterclaim against FEARLESS TIES 4, LLC

("Fearless Ties") and Adam Hough (collectively "Counter-Defendants"). This is an action for breach of contract and fraud in the inducement, and in support thereof, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages in excess of $75,000.00 exclusive of prejudgment interest, costs, and attorneys' fees.

2. Counter-Defendant Fearless Ties is a Tennessee limited liability company who upon information and belief (based upon Fearless Ties initial complaint) has three Members; Jerry Burch, an individual who resides in California; Toxic Investments, LLC, a Tennessee limited liability company, whose alleged sole member is Leslie Hough, an individual who resides in Tennessee; and PIA 4 Investments, LLC, a Tennessee limited liability company, whose alleged sole member is allegedly Adam Hough ("Adam").

3. Counter-Defendant, Adam, upon all information and belief, resides in Tennessee.

4. Counter-Plaintiff, Hits Only Music Entertainment, LLC is a Florida limited liability corporation.

5. Counter-Plaintiffs Koutsodontis and Johnson both reside in Broward County, Florida.

6. Counter-Plaintiffs consent that Venue and Jurisdiction properly rests in this Court as Counter-Defendant alleges in their complaint.

## STATEMENT OF THE COMMON FACTS

7. Counter-Plaintiff Johnson met Adam at Rolling Loud on approximately July 26, 2022.

8. When they met, Adam approached Counter-Plaintiff Johnson and stated that he was interested in investing in Counter-Plaintiff Johnson's career and began courting him.

9. Thereafter, Adam and Counter-Plaintiffs began negotiating for his investment in Hits Only.

10. On June 12, 2023, the entity Fearless Ties was formally formed by Adam, who is listed as its registered agent, which was the entity created by Adam through which he would enter into the Operating Agreement.

11. During negotiations prior to investing in the Company, Adam repeatedly stated that he and Fearless Ties would be providing the following benefits to Hits Only:

a. They would obtain bookings at the Rolling Loud festival and elsewhere for all entertainers and athletes that Hits Only does business with or will do future business with, including Johnson performing as "Reazy," through their positive working relationships with the Rolling Loud Festival and its owners;

b. They would obtain endorsements and sponsorship deals for all entertainers and athletes that Hits Only does business with or will do future business with, including Johnson performing as "Reazy;"

c. They would bring in artists and athletes to Counter-Plaintiffs for them to sign management agreements with Hits Only;

d. They would obtain merchandise agreements for Reazy, Hits Only and its Clients (this was considered by Adam repeatedly to be his "specialty");

e. They promised they would be active in the management of the Company and provide their expertise in furthering the business of Hits Only.

f. The foregoing shall be collectively referred to as Adam and Fearless Ties' "Promised Deliverables."

12. On or about July 10, 2023, Counter-Plaintiffs and Fearless Ties entered into the Operating Agreement.

13. Adam was designated as the sole liasson between Fearless Ties and Hits Only.

14. Adam minimally attempted to comply with the Promised Deliverables for approximately nine months but frequently missed scheduled meetings with Counter-Plaintiffs.

15. Within those first nine months after the Operating Agreement was entered into, Adam missed scheduled meetings with professional athletes and famous artists which Hits Only was attempting to court to get them signed into management agreements, or other related entertainment agreements.

16. Adam's failure to attend those meetings directly led to agreements not being entered into by the athletes and artists.

17. Adam and Fearless Ties failed to deliver their promises to obtain agreements with Rolling Loud or any other festival, venue, or booking agent, for any of Hits Only's clients, including Johnson.

18. Adam and Fearless Ties failed to deliver their promises to obtain endorsements and sponsorship deals for all entertainers and athletes that Hits Only does business with or will do future business with, including for Johnson performing as "Reazy;"

19. Adam and Fearless Ties failed to deliver their promises to obtain merchandise deals for Hits Only athletes.

20. On one occasion, Fearless Ties failed to timely pay for their share of merchandise that Hits Only was providing for a client's event, which strained the relationship with that client.

21. Adam and Fearless Ties failed to deliver their promises to bring in artists and athletes to Counter-Plaintiffs for them to sign management agreements with Hits Only

22. After the first nine months, Adam completely failed to attend or participate in any corporate meetings or management in any way, and wholly neglected his duties.

23. All of Adam and Fearless Ties' failures and breaches of the agreement to deliver what was promised have damaged Counter-Plaintiffs, and they continue to be damaged.

**COUNT I – BREACH OF ORAL AGREEMENT**
**Vs Fearless Ties and Adam**

24. Counter-Plaintiffs realleges and incorporates the allegations set forth in Paragraphs 1 through 23 as if fully set forth herein.

25. Fearless Ties and Adam made promises to provide to Counter-Plaintiffs with the Promised Deliverables (the "Agreement").

26. Fearless Ties and Adam breached the Agreement by failing to deliver the Promised Deliverables.

27. As a direct and proximate result of the Counter-Defendants breach, Counter Plaintiffs have been and continue to be damaged.

WHEREFORE, Counter Plaintiffs demands judgment against Counter-Defendants for all damages incurred as a result thereof to be determined at trial, including interest, costs and attorneys' fees, including under § 18.11 of the Operating Agreement as well as any other relief deemed appropriate by this Court.

**COUNT II – BREACH OF FIDUCIARY DUTY**
**Vs Adam**

28. Counter-Plaintiffs realleges and incorporates the allegations set forth in Paragraphs 1 through 23 as if fully set forth herein.

29. Counter-Plaintiffs, reposed trust and confidence in Adam by selling equity in Hits Only to him to act in the Company's best interest and further the interests of the Company.

30. By virtue of Counter-Plaintiffs reposing trust and confidence in Adam to act in their best interest, Adam assumed such trust and confidence.

31. Adam breached his fiduciary duty by failing to act in the best interest of Hits Only, and instead in his own self-interest and to the detriment of Counter-Plaintiffs.

32. Such failures include, but are not limited to, failing to provide the benefits to Hits Only outlined in paragraph 11, failing to use his contacts to further the business of Hits Only, failing to actively meet with prospective clients at scheduled meetings to sign them as new clients, failing to attend corporate meetings, failing to actively manage the company, and lying by omission about his spoiled business relationships with Rolling Loud.

33. Counter-Plaintiffs have suffered damages as a direct and proximate result of Adam's breaches of their fiduciary duties owed to Counter-Plaintiffs.

**WHEREFORE**, Counter-Plaintiffs demand judgment against Adam for breaching his fiduciary duties owed to Counter-Plaintiffs, and for all damages, interest, costs and attorneys' fees, including under § 18.11 of the Operating Agreement, and other relief deemed proper by this Court.

**Respectfully submitted,**

**WOLFE LAW MIAMI, P.A.**
*Attorneys for Defendants Bryan S. Johnson and Nicholas Koutsodontis*
Latitude One Offices
175 SW 7th Street, Suite 2410
Miami, FL 33130
Phone: 305-384-7370
Fax: 305-384-7371
By: */s/ Mason R. Wolfe*
MASON R. WOLFE, ESQ.
Florida Bar No.: 0214562
mrwolfe@wolfelawmiami.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 10, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.