**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 25-61354-CIV-SMITH**

Fearless Ties 4, LLC, a Tennessee Limited
Liability Company.

Plaintiff,

v.

Bryan S. Johnson, a/k/a Reazy or
Reazy Renegade, an individual, and Nicholas
Koutsodontis, a/k/a Chiko, an individual.

Defendants.
____________________________________/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Fearless Ties 4, LLC ("Plaintiff" or "Fearless Ties"), by and through undersigned counsel, sues Defendants Bryan S. Johnson, a/k/a Reazy a/k/a Reazy Renegade ("Reazy") and Nicholas Koutsodontis, a/k/a Chiko ("Chiko"), and alleges as follows:

## INTRODUCTION

This case concerns a fraud committed by Defendants Johnson a/k/a Reazy Renegade and Koutsodontis a/k/a Chiko, who through lies and omissions convinced Plaintiff in 2023 to invest $675,000 into their music and entertainment business called Hits Only Music Entertainment, LLC ("Hits Only"). During their investment pitch, Reazy and Chiko made several misrepresentations and omissions, including that: Hits Only already owned the masters of Reazy's music, Hits Only would receive 100% of Reazy's money earned as a music producer, Hits Only had functioning bank accounts, Hits Only had made and maintained functioning tax returns, and that Chiko and Reazy together had earned in the past few years **$2,045,454.55** in revenue.

These statements and numbers were lies. Since making its investment, not only has it come to light that Hits Only receives and produces little to no money, but Reazy and Chiko never had proper business bank accounts, never performed tax returns for Hits Only, and never even submitted Fearless Ties' investment into Hits Only's bank account. Indeed, after months of pleading for tax returns, Defendants finally provided a 2023 tax return for Hits Only—prepared on September 13, 2024—showing 2023 income of **$5,525** and losses of **$32,169:** the same year that Chiko and Reazy induced Plaintiff to make a capital contribution of **$675,000** to the company.[1]

Now that the house of cards has been revealed, and records show Hits Only never received this money and has a depleted bank account, this lawsuit is intended to hold Defendants accountable for their lies, misrepresentations, and outright fraud.

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages in excess of $75,000.00 exclusive of prejudgment interest, costs, and attorneys' fees.

2. Plaintiff Fearless Ties 4, LLC is a Tennessee limited liability company.

3. Fearless Ties has three Members. One member is Jerry Burch, an individual who resides in California. The second member is Toxic Investments, LLC, a Tennessee limited liability company, whose sole member is Leslie Hough, an individual who resides in Tennessee. The third member is PIA 4 Investments, LLC, a Tennessee limited liability company, whose sole member is Adam Hough, an individual who resides in Tennessee.

4. Defendant Bryan Johnson is an individual and resident at 16214 SW 2nd Dr., Pembroke Pines, FL, 33027.

[1] Indeed, the 2021 and 2022 tax returns were not filed until 2025.

5. Defendant Nicholas Koutsodontis is an individual and resident at 2321 Stirling Road AHD5-709-1, Fort Lauderdale, FL 33312.

6. Hits Only Music Entertainment, LLC ("Hits Only") is a Florida limited liability corporation with its principal place of business at 411 N Federal Highway, 5-709 Hallandale Beach, Florida 33009.

7. Hits Only's Managers are the Defendants Koutsodontis and Johnson.

8. On July 10, 2023, Fearless Ties, Chiko, and Reazy signed the Amended and Restated Operating Agreement for Hits Only (the "Operating Agreement"). That Operating Agreement is governed by Florida law. *See* ¶ 18.07, **Exhibit 1**.

9. This is an action between parties of diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1312 and 1332(a)(1).

10. Venue lies in the Southern District of Florida as each Defendant resides here, the business in question, Hits Only, is a Florida limited liability company with its principal place of business in Florida, and a substantial part of the events, lies, and omissions occurred in this district.

## FACTUAL ALLEGATIONS

11. Fearless Ties is managed by Leslie Hough, her son Adam Hough, and Jerry Burch. In or around June and July 2023, Fearless Ties, through its officers, were approached by Defendants Chiko and Reazy Renegade to invest in their business, Hits Only.

12. At these meetings, a prospectus was provided to Fearless Ties that stated Hits Only was established in 2018 as a recording label and also as a music production company specializing in artist development, artist marketing, and product placement. *See* Prospectus, **Exhibit 2**.

13. During this pitch it was told to Fearless Ties that Reazy and Chiko had earned $2,045,454.55 through Hits Only since the company was founded. *Id*. The pitch then addressed, along with past successes, various additional money-making ventures that Reazy and Chiko were currently involved with. One such venture was a "million dollar deal" for Hits Only that required immediate capital, which was why Defendants claimed they were in such a rush to obtain a capital contribution from Fearless Ties.

14. Prior to its investment, Plaintiff was told that it would be buying a one/third (1/3) equity interest in Hits Only. Plaintiff repeatedly asked about Hits Only's revenue and assets. In July of 2023, Chiko told Plaintiff that Hits Only already owned all music recordings produced by Reazy. Chiko also stated that these music recordings were already producing royalty earnings for Hits Only: and thus in purchasing one/third of the company, then Plaintiff would receive one/third of such earnings.

15. Chiko and Reazy further told Plaintiff that an agreement existed between Mastermind Artists, LLC (a company owned by Reazy) and Empire Distribution, Inc. ("Empire"), which allowed Empire to hold certain distribution rights to Reazy's music. However, it was expressly stated that Reazy continued to own the Masters and Content of the recordings themselves and that such ownership would be kept with Hits Only. It was further told that future recordings, and their revenue streams, would belong to Hits Only to be shared by Plaintiff, Reazy, and Chiko.

16. An email, sent in March 2024 by Reazy, confirms Reazy's previous statements to Plaintiff that royalties for his past music were going to Empire, but that Hits Only had primary rights to his current and future music, which would generate royalty revenue. *See* **Exhibit 3**.

17. Fearless Ties was also told that Chiko and Reazy—as stated in the Operating Agreement—had already made their own capital contributions of $100,000 each into Hits Only.

*See* Operating Agreement, Exhibit A, pg. 33. In 2025, upon reviewing bank records as obtained under Fla. Stat.§ 605.0410, no such bank records exist to corroborate this alleged $200,000 of equity placed into Hits Only by Chiko or Reazy. That Chiko and Reazy had previously paid $200,000 into Hits Only, before Fearless Ties paid $675,000, was a lie.

18. On July 10, 2023, Plaintiff, Reazy, and Chiko signed the Operating Agreement.

19. On July 11, 2023, Jerry Burch, on behalf of Plaintiff, emailed Chiko to confirm that Plaintiff's investment was going to a company named the Aviator Group, Inc., and not to Chiko personally, as such money was required to later be sent to Hits Only. Chiko confirmed this was accurate. *See* Exhibit 4.

20. Chiko's aunt, Sylvia Koutsodontis, is the registered agent for Aviator Group and Chiko is the CEO.

21. In or around July 11, 2023, Plaintiff then made the $675,000 capital contribution to purchase its 33% ownership share of Hits Only.

22. Specifically, the Operating Agreement provides that money paid to Hits Only cannot be commingled to the individual Members accounts, and yet this is precisely what Chiko and Reazy did with Fearless Ties' money. *See* Operating Agreement § 12.02. Instead of placing Plaintiff's capital contribution to Hits Only's bank account, never invested the money into a Hits Only bank account and instead Chiko and Reazy purchased or leased new vehicles in late 2023. Indeed, as Plaintiff would later learn, Hits Only did not even have an operable bank account in July 2023.

**Lies and Failures to File Tax Returns**

23. As a functioning Company, Hits Only is required to file United States tax returns with each Member providing "all pertinent information in its possession relating to Company

operations that is necessary to enable the Company's income tax returns to be prepared and filed." Exhibit A at § 11.01.

24. Prior to signing the Operating Agreement and investing in Hits Only, Defendants repeatedly told Plaintiff that annual tax returns had been filed and provided to the IRS for Hits Only including for 2022. This was a lie.

25. In actuality, tax returns had never been filed by Hits Only prior to July 2023. Indeed, the first tax return was initiated in September 2024 (for tax year 2023). Even then, that initial 2023 tax return was prepared by Sylvia Koutsodontis was complete with errors. Thus, Fearless Ties was required to spend additional funds to have its own accountant, Blankenship CPA Group, prepare the 2023 return. Blankenship repeatedly asked for information and was stonewalled for information from Sylvia and Chiko, before finally obtaining sufficient information to prepare the 2023 return.

26. Moreover, the 2021 and 2022 tax returns were each completed in February 2025. *See* Tax Returns, Composite **Exhibit 5**.

27. By September 2023, frustrated by Defendants failure to provide such information, Plaintiff repeatedly asked for proof of the tax returns being filed, and who handled such work for Hits Only. Defendant Chiko stated that returns had previously been prepared and filed by his Aunt Sylvia Koutsodontis, who he claimed was a licensed CPA that had previously taken care of Hits Only's accounting.

28. Plaintiff has now learned that Sylvia Koutsodontis is not a licensed CPA.

29. After signing the Operating Agreement, Fearless Ties learned that a Federal ID number was obtained by Hits Only on **September 6, 2023**—several months after it was induced to invest $675,000 into the company. Thus, Hits Only did not maintain an EIN number before the

$675,000 investment—and could not have filed taxes without such a number—despite making statements otherwise to Plaintiff.

30. Once again, in a November 5, 2023 email chain, Plaintiff asked for proof that the 2022 tax return had been filed. Reazy replied that proof of the filing of the tax returns would be delivered in the upcoming week. Again, the **2022** tax return would not actually be filed until **February 2025**.

31. In an email to Leslie Hough and Adam Hough on March 13, 2024, Reazy assured Plaintiff that taxes had been filed for 2022. *See* **Exhibit 6**. This was a lie. Taxes were not filed for 2022 until February 2025. *See* **Exhibit 5**.

32. Finally, the company's 2024 tax return, and K-1 to Fearless Ties, was due on March 15, 2025. Despite the requirement in the Operating Agreement, and despite multiple requests from Fearless Ties, Chiko, as the CEO of Hits Only, has not filed the 2024 tax return or K-1 from Hits Only to Fearless Ties. Chiko has failed to use a proper accounting firm and has not used Blankenship as required in the Operating Agreement, § 11.03.

**Lies and Failure to Maintain a Proper Bank Account**

33. The Operating Agreement also requires Hits Only to maintain books and records of accounts (§ 12.01) and are required to keep bank accounts that are not comingled with Member accounts (§ 12.02).

34. Prior to entering into the Operating Agreement, Fearless Ties was told that Hits Only had been paying its taxes—like a properly functioning company—and had an active bank account that held and identified company assets and kept the company's active revenue.

35. It was later in September 2023, after the Operating Agreement was signed, that Hits Only then stated that the company's bank account had been closed in the past few weeks, and that Hits Only was opening a new bank account. These were lies.

36. In actuality, the previous Hits Only checking account was closed in November 2022—nine months before Plaintiff signed the Operating Agreement. Thus the alleged multi-million dollar company that Fearless Ties paid $675,000 to purchase 33% of its equity, did not even have a functioning bank account from November 2022 until October 2023.

37. Indeed, a new bank account with Chase bank, ending in 2983, was opened for Hits Only in October 2023. The last statement provided to Plaintiff shows a starting balance of $88.36 and an ending balance of $216.59.

**CHECKING SUMMARY** Chase Business Complete Checking

| | INSTANCES | AMOUNT |
|---|---|---|
| **Beginning Balance** | | **$86.36** |
| Deposits and Additions | 9 | 600.00 |
| ATM & Debit Card Withdrawals | 8 | -454.77 |
| Fees | 1 | -15.00 |
| **Ending Balance** | **18** | **$216.59** |

38. Bank records confirm that—despite being told otherwise—no bank account for Hits Only existed at the time that Fearless Ties invested $675,000 in the company. Fearless Ties was led to believe Hits Only was a functioning company with active IRS tax documentation and functioning bank accounts. And yet, neither was active or set up prior to July 10, 2023.

**Lies Related to Hits Only's Assets and Revenue Streams**

39. Further, Plaintiff repeatedly sought documentation to substantiate the assignment of assets, including Reazy's music, to Hits Only. Prior to making a capital contribution, Fearless Ties repeatedly was told that Hits Only owned the assets that produced royalty income, and

received revenue stream from artists that Reazy served as a producer. It has been told to Fearless Ties by Chiko that "Hits Only/Mastermind [Artists] owns all works and creates a 50/50 split for that agreement." *See* **Exhibit 7**.

40. Plaintiff was repeatedly told at the time of the purchase that Hits Only owned the rights to Reazy's Masters, meaning the original sound recordings made by Reazy, whether released or unreleased.

41. In actuality, it was not until November 20, 2024—after months of requesting proof—that Fearless Ties received verification that as "Assignment of Masters and Publishing Rights" was made by Reazy to Hits Only. *See* **Exhibit 8**.

42. However, it had been told by Defendants to Fearless Ties that such revenue and assets already existed for the Company in July 2023 when Fearless Ties was induced under false pretenses to purchase equity in the company.

43. Further, Fearless Ties was told in promotional materials and by Sylvia Koutsodontis that two other entities—Hits Only Media LLC and Hits Only Sports LLC—were LLCs wholly owned by Hits Only Music. However, Hits Only is not listed as the sole owner and parent of these two entities on the CP575A letter submitted by Hits Only to the IRS (which would be the case if the application was made by Hits Only Music as the sole owner). Thus, this was a further false statement told to Fearless Ties in relation to its investment and ownership of Hits Only intended to inflate the alleged value of Hits Only, which is now essentially valueless.

44. Prior to signing the Operating Agreement, Reazy affirmed that he had previously contributed $100,000 to Hits Only. Similarly, Chiko affirmed that he too had previously contributed $100,000 to Hits Only. These statements were lies and are not supported by bank statements produced by Defendants. *See* Operating Agreement, pg. 33.

45. The lies continued in the months following the signing of the Operating Agreement. For example, on or about September 19, 2023, Reazy reaffirmed to Fearless Ties' President, Leslie Hough, that all of his money as a producer of music was already and would continue going into Hits Only. This money would then be shared 33% each to Reazy, Chiko, and Fearless Ties.

46. By September 19, 2023, Reazy reaffirmed that Hits Only had a separate bank account, and that the bank account was in the process of being closed and a new account was being opened at Studio Bank.

47. In actuality, the bank account was not in the process of being closed – it has been closed since November 2022.

48. At this meeting, Reazy also confirmed that his money as a Producer, including royalties from his music, and money from writing royalties was also a current and future asset of Hits Only.

49. In addition, Reazy stated that he was a Producer for various artists that had signed with a separate label, the Aviator Group, and that Chiko got 20% of all of these proceeds, which were all being sent into Hits Only revenue to be shared with its three Members.

50. By September 2024, Blankenship Group spent months speaking to Sylvia Koutsodontis or Chiko, to understand the company's financial situation and to perform Fearless Ties' tax return. Its repeated follow-ups with Chiko and Reazy lead to the determination that no valid records or accounting principles had ever been in place for Hits Only. Moreover, despite requests from Plaintiff, it is still entirely unclear how much remains of its $675,000 investment into Hits Only (which was never placed by the Defendants into the Company to begin with); or the remainder of the $100,000 from Reazy and $100,000 from Chiko, all of which appears to have

been lost, squandered, or misused. Indeed, the Hits Only Chase bank account, that Chiko claims is the company's bank account, as of June 2024 had less than $1,000.

**COUNT 1 – FRAUD IN THE INDUCEMENT**
**(against Johnson and Koutsodontis)**

51. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1-by reference paragraphs 1 through 50 as if fully set forth herein.

52. In July 2023 Plaintiff, following presentations from Johnson and Koutsodontis, signed the Operating Agreement and paid a capital contribution of $675,000 to purchase a 33% interest in Hits Only. Prior to these events several lies and omissions were told by both Johnson and Koutsodontis to Plaintiff.

53. Johnson and Koutsodontis stated that Hits Only followed standard business practices, including that it held a bank account for current and future revenue and had filed a 2021 and 2022 tax return. These were lies. In fact, in July 2023 Hits Only did not even have a functioning bank account. It's bank account had been closed in November 2022. Hits Only would not open a new bank account until November 2023. It is unknown where any revenues or assets were held from July 2023 until November 2023 when an account was finally opened at Chase Bank.

54. Johnson and Koutsodontis stated that they had each paid $100,000 in a capital contribution to Hits Only, which is false.

55. Johnson and Koutsodontis stated that at that time Hits Only already owned the rights to Reazy's Masters, and to the revenue streams from artists that he served as a producer. This, however, was only established in November 20, 2024. *See* Exhibit 8.

56. Johnson and Koutsodontis stated that they had earned **$2,045,454.55** in revenue in the past few years, when in fact no such money is recorded in any bank account, let alone for Hits

Only. Indeed, once a bank account was opened for Hits Only through Chase bank it has typically held less than $25,000. Indeed, in its 2023 tax return, which was only filed in 2025, the company reported gross sales of $5,525 and ordinary business losses of $32,169.

57. Johnson stated the Fearless Ties capital contribution would be maintained by Hits Only and to promote Hits Only's growth. Johnson, however, never provided his share of the capital contribution to Hits Only.

58. Koutsodontis stated the Fearless Ties capital contribution would be maintained by Hits Only and to promote Hits Only's growth. Koutsodontis, however, never provided his share of the capital contribution to Hits Only.

59. At the time that Johnson and Koutsodontis made these statements, they themselves knew they were demonstrably false, including that Hits Only had a functioning bank account, accurate and current tax returns, did not yet own any rights to Reazy's music catalogue, and that the two had not, in fact earned over $2 million in revenue in the past few years.

60. Johnson and Koutsodontis made these statements with the intent for Plaintiff to rely on them and to make a $675,000 capital contribution into a company that at the time held little assets, little to no revenue, had no tax returns, and did not even have a bank account.

61. Plaintiff justifiably relied on Johnson and Koutsodontis' statements, the prospectus that they made for Hits Only, and their pitch of the assets owned, current and future revenue, and million dollar deals that were lined up.

62. Plaintiff has suffered damages including the loss of its Capital Contribution and damages due to Defendant's failures to timely submit tax returns or a K-1 to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Johnson and Koutsodontis for all damages, interest, costs and attorneys' fees and other relief deemed proper by this Court.

**COUNT II – BREACH OF FIDUCIARY DUTY**
**(against Johnson and Koutsodontis)**

63. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1-by reference paragraphs 1 through 50 as if fully set forth herein.

64. Plaintiff reposed trust and confidence in Johnson and Koutsodontis by buying equity into Hits Only and agreeing to be a Member of Hits Only, which it was told had previously made millions of dollars, held assets, held current revenue streams, held the rights to future revenue streams, held a bank account, and previously filed tax returns.

65. As purported experts in the South Florida music industry, and as the Members that formed Hits Only in 2018, Johnson and Koutsodontis had greater knowledge and alleged expertise of the revenue and assets that Hits Only held in July 2023 and had the ability to earn in the future.

66. By virtue of Plaintiff reposing trust and confidence in Johnson and Koutsodontis to act in their best interest, Johnson and Koutsodontis assumed such trust and confidence.

67. Johnson and Koutsodontis breached their fiduciary duties owed to Plaintiff ***individually*** when they failed to act in the best interest of Plaintiff and Hits Only and instead acted solely in their own self-interest and to the detriment of Plaintiff. Such failures include by usurping Plaintiff's property, assets, rights, and monies in the form of its capital investment and using it to fund separate businesses owned and controlled by Johnson and Koutsodontis. To be clear, Plaintiff was ***individually harmed*** by Defendants' breaches in the form of its lost investment—a harm not shared by any other members of the LLC—as the investment was never used for the purpose for which Johnson and Koutsodontis claimed it would be used. Indeed, the investment was never placed into Hits Only at all and was only used by Johnson and Koutsodontis in separate bank

accounts. Indeed, because the funds were never used or intended by Defendants to be used by Hits Only in the first instance, the harms caused by Defendants' conduct were to Plaintiff individually.

68. The million-dollar deals and million-dollar company that was told to Plaintiff to be Hits Only was purely a fiction. Johnson and Koutsodontis were required to spend $100,000 each into the company. Johnson and Koutsodontis were also required to maintain a Hits Only bank account and not co-mingle Hits Only money with their own money. Plaintiff has suffered individualized and specific damages as a direct and proximate result of Johnson and Koutsodontis's breaches of their fiduciary duties owed to Plaintiff that are not shared by other members of the LLC, including the loss of its Capital Contribution of $675,000.

**WHEREFORE**, Plaintiff demands judgment against Johnson and Koutsodontis for breaching their fiduciary duties owed to Plaintiff, and for all damages, interest, costs and attorneys' fees, including under § 18.11 of the Operating Agreement, and other relief deemed proper by this Court.

**COUNT III – BREACH OF THE OPERATING AGREEMENT**
**(against Defendants Johnson and Koutsodontis)**

69. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 50 as if fully set forth herein.

70. Plaintiff, Johnson, and Koutsodontis signed the Operating Agreement, effective as of July 10, 2023.

71. The Operating Agreement required the Company to keep books and records of accounts, and to maintain a separate bank account for Company funds. It further required that Members may not commingle the Company's funds with the funds of any Member. Exhibit A at ¶ 12.01-12.02.

72. Johnson and Koutsodontis stated that prior to entering into the Operating Agreement they had each funded $100,000 into Hits Only. *Id*. at pg. 33.

73. The Operating Agreement required the Members to cause to be prepared and filed all necessary and state and federal tax returns. *Id*. at ¶ 11.02.

74. Defendants, as the managing members of Hits Only, have breached these sections by failing to maintain a bank account at all times, co-mingling their funds with the funds of Hits Only, withdrawing funds from Hits Only for their own personal benefit and not the benefit of Hits Only, depleting funds from Hits Only for improper purposes, failing to prepare and file tax returns, including for 2024. They have also breached the Operating Agreement by failing to provide a K-1 to Plaintiff for 2024.

75. Defendant Johnson has failed to send all revenues from his present music and as a producer to Hits Only.

76. Defendant Koutsodontis has failed to send the Capital Contribution of Fearless Ties to Hits Only and instead has maintained the money in a separate business that he owns or controls.

77. Plaintiff has suffered damages as a result of these breaches, individual to any other defendant, including costs incurred for accounting purposes, losses of revenue, and losses to its Capital Contribution due to the two defendants/members use of money intended for Hits Only for themselves.

**WHEREFORE**, Plaintiff demands judgment against Johnson and Koutsodontis for breaching the Operating Agreement, and for all damages, interest, costs and attorneys' fees, including under § 18.11 of the Operating Agreement, and other relief deemed proper by this Court.

**COUNT IV – CLAIM FOR INSPECTION OF BOOKS AND RECORDS**
**(against Defendants Johnson and Koutsodontis)**

78. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 50 as if fully set forth herein.

79. A fiduciary relationship exists and is owed by Johnson and Koutsodontis to Plaintiff. Johnson and Koutsodontis had formed Hits Only in 2018 and, as set forth above, induced Plaintiff to make a $675,000 capital contribution to the company.

80. On January 23, 2025, and several times thereafter including on July 23, 2025 and August 6, 2025, Plaintiff has sought the books and records of Hits Only including all financial statements, ownership interests, and bank account information for the past three years.

81. Pursuant to the applicable Florida statutes, including Fla. Stat. § 605.0410, Johnson and Koutsodontis had a duty to provide Plaintiff, as a 33% owner of Hits Only, without demand, information concerning Hits Only's activities, affairs, financial condition, and other circumstances that are known to Johnson and Koutsodontis and are material to the proper exercise of Plaintiff's rights and duties under the Operating Agreement..

82. Johnson and Koutsodontis have violated their statutory duties under the applicable Florida statutes, including Fla. Stat. § 605.0410, by failing to provide the requested information and records to Plaintiff.

83. Along with Florida law entitling Plaintiff to such books and records, the Operating Agreement also requires Defendants to maintain such books and provide access to Plaintiff. Plaintiff has previously requested such information and not been provided the full books and records, including bank account information.

84. Plaintiff entrusted Defendants with oversight of the finances, assets, and revenue of Hits Only. Plaintiff has demanded to inspect those records, including 2025 financial documents, which have not yet been provided.

85. Defendants have willfully and materially breached the Operating Agreement as set forth above.

86. Plaintiff has retained the undersigned law firm to prosecute this action and has agreed to pay them reasonable legal fees and costs for their services.

**WHEREFORE**, Plaintiff demands judgment against Johnson and Koutsodontis and for the entry of an order from this Court directing Johnson and Koutsodontis to provide Plaintiff with all information and records concerning Hits Only's activities, affairs, financial condition, and other circumstances that are known to Johnson and Koutsodontis and are material to the proper exercise of Plaintiff's rights and duties under the Operating Agreement and Florida Statutes Chapter 605.

**COUNT V – CONVERSION**
**(against Defendants Johnson and Koutsodontis)**

87. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 50 as if fully set forth herein.

88. Johnson and Koutsodontis, in a concerted effort of wrongdoing, established a scheme of deceit and theft to convert $675,000 from Plaintiff through a series of lies and misrepresentations to Plaintiff, including:

a. In July 2023 Plaintiff, following presentations from Johnson and Koutsodontis, signed the Operating Agreement and paid a capital contribution of $675,000 to purchase a 33% interest in Hits Only. Prior to these events several lies and omissions were told by both Johnson and Koutsodontis to Plaintiff.

b. Johnson and Koutsodontis stated that Hits Only followed standard business practices, including that it held a bank account for current and future revenue and had filed a 2021 and 2022 tax return. These were lies. In fact, in July 2023 Hits Only did not even have a functioning bank account. Its bank account had been closed in November 2022. Hits Only would not open a new bank account until November 2023. It is unknown where any revenues or assets were held from July 2023 until November 2023 when an account was finally opened at Chase Bank.

c. Johnson and Koutsodontis stated that at that time Hits Only already owned the rights to Reazy's Masters, and to the revenue streams from artists that he served as a producer. This, however, was only established in November 20, 2024. *See* Exhibit 8.

d. Johnson and Koutsodontis stated that they had earned **$2,045,454.55** in revenue in the past few years, when in fact no such money is recorded in any bank account, let alone for Hits Only. Indeed, once a bank account was opened for Hits Only through Chase bank it has typically held less than $25,000. Indeed, in its 2023 tax return, which was only filed in 2025, the company reported gross sales of $5,525 and ordinary business losses of $32,169.

e. Johnson stated the Fearless Ties capital contribution would be maintained by Hits Only and to promote Hits Only's growth. Johnson, however, never provided his share of the capital contribution to Hits Only.

f. Koutsodontis stated the Fearless Ties capital contribution would be maintained by Hits Only and to promote Hits Only's growth. Koutsodontis, however, never provided his share of the capital contribution to Hits Only.

g. At the time that Johnson and Koutsodontis made these statements, they themselves knew they were demonstrably false, including that Hits Only had a functioning bank account, accurate and current tax returns, did not yet own any rights to Reazy's music catalogue, and that the two had not, in fact earned over $2 million in revenue in the past few years.

h. Johnson and Koutsodontis made these statements with the intent for Plaintiff to rely on them so that they could steal Plaintiff's $675,000 capital contribution into a company that at the time held little assets, little to no revenue, had no tax returns, and did not even have a bank account.

89. Johnson and Koutsodontis have knowingly obtained and used Plaintiff's property—Plaintiff's $675,000 capital investment—with felonious intent to deprive Plaintiff of its rights to and benefits from its investment for their own use. Indeed, the money was never put into the business and stolen by Johnson and Koutsodontis for their own use.

90. Johnson and Koutsodontis obtained and maintained control over Plaintiff's property, assets, rights, and monies, in which Plaintiff possessed an ownership right.

91. Johnson and Koutsodontis were entrusted to invest Plaintiff's funds in Hits Only and instead, without authorization, converted those funds for their own benefit.

92. As a result of Johnson and Koutsodontis's conversion of Plaintiff's property, Plaintiff was permanently deprived of that property, and Plaintiff has demanded the return of that Property, and Defendants' have refused to return it.

93. Johnson and Koutsodontis acted knowingly, affirmatively, and intentionally with fraudulent and felonious intent, deceit, and the intent to permanently deprive Plaintiff of its property, assets, rights, and monies.

94. Plaintiff suffered a direct and individualized harm by Johnson and Koutsodontis's theft of its capital investment. This was harm suffered only by Plaintiff and no other member of Hits Only, as the other members participated in and benefited from the fraud and theft of Plaintiff's property.

95. On January 23, 2025, Plaintiff gave Johnson and Koutsodontis notice of the conversion, but Johnson and Koutsodontis refused to pay the funds due.

**WHEREFORE**, Plaintiff demands judgment against Johnson and Koutsodontis for conversion, and for all damages, interest, costs and attorneys' fees, including under § 18.11 of the Operating Agreement, and other relief deemed proper by this Court.

**JURY DEMAND**

Plaintiffs demand trial by jury as to all non-equitable issues in this case.

Dated: August 29, 2025

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: */s/ Cary O. Aronovitz*
CARY O. ARONOVITZ
Florida Bar No. 86425
701 Brickell Ave., Suite 3300
Miami, Florida 33131
Phone: (305) 374-8500
Email: Cary.Aronovitz@hklaw.com

*Counsel for Plaintiff*