**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**25-cv-61354-RS**

Fearless Ties 4, LLC, a Tennessee Limited
Liability Company.

Plaintiff,

v.

Bryan S. Johnson, a/k/a Reazy or
Reazy Renegade, an individual, and Nicholas
Koutsodontis, a/k/a Chiko, an individual.

Defendants.
_________________________________/

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

Plaintiff, Fearless Ties 4, LLC ("Plaintiff" or "Fearless Ties")[1], by and through undersigned counsel, hereby files this Motion to Dismiss Defendants Bryan S. Johnson and Nicholas Koutsodontis's ("Defendants") Counterclaim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof, states as follows:

**INTRODUCTION**

This case concerns a fraud committed by Defendants Johnson a/k/a Reazy Renegade and Koutsodontis a/k/a Chiko, who through lies and omissions convinced Plaintiff in 2023 to invest $675,000 into their music and entertainment business called Hits Only Music Entertainment, LLC ("Hits Only") by entering the Amended and Restated Operating Agreement (the "Operating Agreement"). During their investment pitch, Reazy and Chiko made several misrepresentations

[1] While the Counterclaim purports to assert claims against both Fearless Ties and Adam Hough ("Adam"), Adam has not been served with the Counterclaim, nor has a summons even been requested, and is therefore not a party to this action.

and omissions, including that: Hits Only already owned the masters of Reazy's music, Hits Only would receive 100% of Reazy's money earned as a music producer, Hits Only had functioning bank accounts, Hits Only had made and maintained functioning tax returns, and that Chiko and Reazy together had earned in the past few years **$2,045,454.55** in revenue.

These statements and numbers were lies. Since making its investment, not only has it come to light that Hits Only receives and produces little to no money, but Reazy and Chiko never had proper business bank accounts, never performed tax returns for Hits Only, and never even submitted Fearless Ties' investment into Hits Only's bank account.

Indeed, after months of pleading for tax returns, Defendants finally provided a 2023 tax return for Hits Only—prepared on September 13, 2024—showing 2023 income of **$5,525** and losses of **$32,169:** the same year that Chiko and Reazy induced Plaintiff to make a capital contribution of **$675,000** to the company.[2]

To hold Chiko and Reazy accountable for their fraudulent conduct, Plaintiff filed the Complaint on July 3, 2025, and the Amended Complaint on August 29, 2025, asserting claims for fraud in the inducement, breach of fiduciary duty, breach of the Operating Agreement, inspection of books and records under Florida law, and common law conversion. D.E. 1; D.E. 16. On August 10, 2025, Defendants filed their Answer, Affirmative Defenses, and Counterclaim, asserting one count for breach of an "oral agreement" against Plaintiff and non-party Adam and one count for breach of fiduciary duty against only Adam, who has not yet been served with the Counterclaim. D.E. 12.

---

[2] Indeed, the 2021 and 2022 tax returns were not filed until 2025.

For the reasons explained below, this Court should dismiss the Counterclaim under Federal Rule 12(b)(6) because it both lacks sufficient factual allegations to support Defendants' claims and fails as a matter of law under the Operating Agreement that bound the Parties.

**STANDARD OF REVIEW**

Under Rule 12(b)(6), a complaint should be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, meaning that a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And while the Court must accept a plaintiff's well-pleaded facts as true, it need not accept "conclusory allegations, unwarranted deductions of fact[]," *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002), or "legal conclusion[s] couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quotation omitted).

In addition, on a motion to dismiss, the Court may consider documents attached to the Complaint or documents which are central to the Complaint and of undisputed authenticity. *Johnson v. City of Atlanta*, 107 F. 4th 1292, 1300 (11th Cir. 2024); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999). To the extent that such documents are inconsistent with the allegations, the documents control. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Accordingly, the Court may consider the Operating Agreement referenced in the Counterclaim. *See, e.g.,* D.E. 12 at ¶¶ 10, 12.

## ARGUMENT

### I. Defendants' Claim for Breach of an "Oral Agreement" Must Be Dismissed.[3]

Count I of Defendants' Counterclaim for "Breach of Oral Agreement" must be dismissed for two reasons.

***First***, the Counterclaim fails to allege sufficient facts to establish either the existence of an enforceable "oral agreement" between Plaintiff and Defendants to provide "Promised Deliverables" or, to the extent such an agreement exists, any breaches thereof. Rather than provide specific details about when promises were made, what consideration was exchanged, or any defined timeframe for performance under the alleged agreement, Defendants merely recite vague, conclusory allegations about purportedly broken promises that fall well short of the plausibility standard required by *Twombly* and *Iqbal*.

***Second***, even if Defendants had adequately pled the existence of an oral agreement (they have not), their claim is barred as a matter of law by the plain language of the Operating Agreement. That agreement contains an integration clause explicitly stating that it "includes the entire agreement of the Members and their Affiliates relating to the Company and supersedes all prior contracts or agreements with respect to the Company, whether oral or written." Under this clear and unambiguous language, the Operating Agreement represents the ***complete*** agreement of the parties, rendering any alleged prior oral promises or agreements legally unenforceable. For these reasons, Defendants have failed to state a claim under Rule 12(b)(6) and the Counterclaim must be dismissed.

---

[3] Because Count II of the Counterclaim asserts a claim against only Adam and, to date, Adam has not been served, this Motion addresses only Count I against Fearless Ties. But Count II similarly lacks sufficient factual allegations to establish either the existence of a fiduciary duty or any breach thereof and should ultimately be dismissed to the extent Defendants intend to pursue their claim.

*A. Defendants have failed to allege facts that support a claim for breach of an oral agreement.*

***First***, Defendants' claim for breach of an oral agreement must be dismissed because Defendants have failed to allege facts sufficient to establish either the existence of any "oral agreement" or any breaches thereof by Plaintiff. The Counterclaim is replete with vague, conclusory allegations which fall short of the ordinary pleading requirements. To state a plausible claim for relief, you need some actual facts. *Gonzalez v. Old Lisbon Rest. & Bar L.L.C.*, 820 F.Supp.2d 1365, 1368 (S.D. Fla. 2011) ("[A] plaintiff must plead enough facts to state a plausible basis for the claim."); *see also Ashcroft*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter," that, accepted as true, plausibly states a claim for relief). Mere "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts" are insufficient to withstand a motion to dismiss. *Rehberger v. Henry Cnty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014).

Here, the entirety of Defendants' allegations in the Counterclaim consist of vague, conclusory statements without any supporting facts. The Counterclaim alleges that non-party Adam "repeatedly stated" ***"[d]uring negotiations prior to investing in the Company"*** that he would help Hits Only and cites a list of generalized "promises" without alleging any specific details about the formation of the alleged "oral agreement." D.E. 12 at ¶ 11 (emphasis added). For instance, while Defendants allude generally to five "promised deliverables," they fail to allege when each "promise" was made, the specific consideration exchanged, or any defined timeframe[4]

[4] To the extent these "promises" were supposed to continue for a period of over a year, Defendants separately face a statute of frauds problem. *See* Fla. Stat. § 725.01 ("any agreement that is not to be performed within the space of 1 year from the making thereof" will only be enforced if "the

for performance of the obligations. This vague language is insufficient to establish the existence of any oral agreement and, even assuming the existence of an oral agreement, that the agreement was breached. Defendants cite to no deadline by which Plaintiff was required to fulfill the "promises," offer any specificity as to how many or what type of endorsements and sponsorships Plaintiff was required to obtain, or provide any other details about the performance of these "promises." Without any specifics, Defendants' claim for breach of an oral agreement does not satisfy the pleading requirements of *Twombly* or *Iqbal*.

*B. Defendants' claim for breach of an oral agreement is barred by the Operating Agreement.*

Even assuming the Defendants' Counterclaim had properly pled the existence of an enforceable "oral agreement," Count I must also be dismissed because it is foreclosed by the plain language of the Operating Agreement, which the Defendants cite repeatedly in the Counterclaim and may therefore be considered on a motion to dismiss. *See, e.g.*, D.E. 12 at ¶¶ 10, 12; *Johnson*, 107 F.4th at 1300. The Operating Agreement "***includes the entire agreement*** of the Members and their Affiliates relating to the Company and supersedes all prior contracts or agreements with respect to the Company, whether oral or written." D.E. 1-2 at ¶ 18.04 (emphasis added). Notably, the Operating Agreement does ***not*** contain any promise by Plaintiff to provide the Defendants with any "Deliverables," and Defendants have alleged no facts to support that there was subsequent modification of the Operating Agreement (and in fact allege that the "promises" were made ***prior*** to entering the Operating Agreement "[d]uring negotiations prior to investing in the Company"). The clear and unambiguous language in the Operating Agreement establishes that it represents the complete agreement of the parties regarding their business relationship, and any alleged prior oral

---

agreement or promise upon which such action shall be brought . . . shall be in writing and signed by the party to be charged therewith.")

promises or agreements between the parties were explicitly superseded by the written Operating Agreement.

Courts in the Eleventh Circuit routinely enforce integration clauses like the one contained in the Operating Agreement. *See, e.g.*, *Chase Manhattan Bank v. Rood*, 698 F.2d 435, 436 (11th Cir. 1983) (explaining that "[i]n Florida, 'evidence of a prior or contemporaneous oral agreement is inadmissible to vary or contradict the unambiguous language of a valid contract.'"); *Topp, Inc. v. Uniden Am Corp.*, 513 F.Supp.2d 1345, 1348 (S.D. Fla. 2007) (granting motion to dismiss because "[a] party cannot take a position contradictory to a contract that plainly and unambiguously states that there are no other agreements or representations other than those contained in the contract."); *Supra Telecommunications & Info. Sys., Inc. v. BellSouth Telecommunications, Inc.*, No. 06-20996-CIV, 2006 WL 8433571, at *3 (S.D. Fla. Oct. 26, 2006) (granting motion to dismiss where "[t]he parol evidence rule bars claims arising out of prior, oral or written extrinsic agreements, which vary or modify the terms of an unambiguous, fully integrated document."); *cf. Ungerleider v. Gordon*, 936 F.Supp. 915 (M.D. Fla. 1996) (applying Florida law and finding reliance on alleged oral promise "perforce unjustifiable" on a motion to dismiss in fraudulent inducement to contract case in which contract had integration clause and alleged oral promise contradicted terms of written contract).[5]

[5] Because amendment would be futile in light of the controlling language of the Operating Agreement, this Court should dismiss Count I of the Counterclaim with prejudice. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (explaining that "[a] district court need not [ ] allow an amendment . . . where amendment would be futile").

## CONCLUSION

WHEREFORE, Plaintiff Fearless Ties respectfully requests that the Court enter an appropriate order dismissing Defendants' Counterclaim against it with prejudice for the foregoing reasons, and for any other relief the Court deems just and proper.

Dated: September 4, 2025

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: *<u>/s/ Cary O. Aronovitz</u>*
CARY O. ARONOVITZ
Florida Bar No. 86425
701 Brickell Ave., Suite 3300
Jenifer Norwalk
Florida Bar No.1032053
Miami, Florida 33131
Phone: (305) 374-8500
Email: Cary.Aronovitz@hklaw.com
Email: Jenifer.Norwalk@hklaw.ccom

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF system on the 4th day of September, 2025.

s/ Cary O. Aronovitz
Counsel for Plaintiff