**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 25-61354-CIV-SMITH**

FEARLESS TIES 4, LLC, A Tennessee Limited Liability Company,

Plaintiff,

v.

BRYAN S. JOHNSON, a/k/a Reazy or Reazy Renegade, an individual, and NICHOLAS KOUTSODONTIS, a/k/a Chiko, an individual,

Defendants.
_______________________________________/

**DEFENDANTS' MOTION TO DISMISS COUNT II AND COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT**

Defendants, BRYAN S. JOHNSON a/k/a Reazy or Reazy Renegade ("Johnson") and NICHOLAS KOUTSODONTIS a/k/a Chiko ("Koutsodontis") (collectively referred to as the "Defendants"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby brings this Motion to Dismiss (this "Motion") Count II and IV of the Amended Complaint filed by Plaintiff, FEARLESS TIES 4 LLC ("Plaintiff" or "FT4"), and in support asserts as follows:

**OVERVIEW**

Defendants own and operate Hits Only Music Entertainment, LLC ("Hits Only" or the "Company"). On or about July 10, 2023, Plaintiff and Defendants entered into an agreement where Plaintiff purchased a 33% interest in Hits Only for $675,000.00 (the "Investment"). Plaintiff filed the present lawsuit, alleging that Defendants fraudulently misrepresented facts that induced Plaintiff into making the Investment, including concealing important information about the value

of Hits Only and its assets and lying about tax information. Defendants categorically deny such allegations. It is Defendants' position that Plaintiff simply had buyer's remorse after two years in his Investment and is using the present lawsuit to obtain a refund, and that Plaintiff likewise did not comply with their duties owed to Defendants and Hits Only, which exacerbated any failures of Hits Only. Plaintiff's lawsuit alleges claims of Fraud in the Inducement (Count I), Breach of Fiduciary Duty (Count II), Breach of Operating Agreement (Count III), Request for Accounting (Count IV). Defendants argue that Plaintiff's Count II for breach of fiduciary duty fails as a matter of law because the corporation was not named as an indispensable party and should therefore be dismissed.

## MOTION TO DISMISS STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1, (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010). Pursuant to Federal Rule of Civil Procedure 12(b)(7), "courts may dismiss suits where plaintiffs fail to join indispensable parties." *USCS Fed Rules Civ Proc R 12.*

**PROCEDURAL HISTORY**

On July 3, 2025, Plaintiff filed their complaint. On August 8, 2025, Defendants filed their first Motion to Dismiss Plaintiff's Complaint for failure to add an indispensable party. On August 29, 2025, Plaintiff filed their Amended Complaint, and on September 11, 2025, this Court denied Defendants' first Motion to Dismiss as moot. However, in Plaintiff's Amended Complaint, Fearless did not fix the deficiencies as stated in Defendants' first motion to dismiss. Accordingly, Defendants renew their prior arguments in the present motion.

**ARGUMENT AND LAW IN SUPPORT**

**A. PLAINTIFF'S COUNT II FOR BREACH OF FIDUCIARY DUTY AND COUNT IV FOR ACCOUNTING SHOULD BE DISMISSED FOR FAILING TO JOIN AN INDISPENSABLE PARTY**

Plaintiff's Count II for Breach of Fiduciary Duty and Count IV For Accounting should be dismissed for failing to join the corporation, Hits Only, as an indispensable party. Once Plaintiff made the Investment, that money became an asset of Hits Only; therefore, any alleged injury of Plaintiff for breach of fiduciary duty should be made by Hits Only derivatively.

The issue at hand comes down to whether the Plaintiff may bring a direct action against both Defendants individually to pursue his claim for breach of fiduciary duty, or whether the Plaintiff is required to bring a derivative action against the Company. Generally speaking, "a shareholder may bring a direct suit only in his or her own right to redress an injury sustained directly by that person individually." *Pessin v. RCMP Enters., LLC (In re Weeks Landing, LLC)*,

439 B.R. 897, 912 (Fla. 2010). However, the issue here is that the Plaintiff did not sustain an injury directly to himself; Hits Only is the party who was allegedly damaged, not the Plaintiff individually.

Moreover, under Florida law, "a shareholder cannot generally sue in the shareholder's name for injuries to a corporation unless there is a special duty between the wrongdoer and the shareholder, and the shareholder has suffered an injury separate and distinct from that suffered by other shareholders." *Zapata v. Companion Prop. & Cas. Ins. Co.*, 2019 U.S. Dist. LEXIS 173528, *4 (2019). Once the $675,000.00 was invested, it became an asset of Hits Only; therefore, no individual party should have sustained a separate and distinct injury, as Hits Only as a whole allegedly suffered the damage. Once Plaintiff invested in Hits Only, all three parties' interests became aligned for one cohesive purpose. Therefore, Plaintiff did not sustain an injury separate and distinct from the other shareholders, and Plaintiff should have included Hits Only as an indispensable party to the action.

Additionally, the District Court in *Orlinsky v. Patraka*, 971 So. 2d 796 (Fla. 3d DCA 2007), "found that a 25.83% minority shareholder in a closely held corporation was required to file a shareholder derivative suit when alleging corporate waste. A shareholder must file a derivative action for breach of fiduciary duty, claiming that the payment of excessive compensation constitutes corporate waste." *Orlinsky v. Patraka*, 971 So. 2d 796 (Fla. 3d DCA 2007).

Lastly, in *Lehman v. Eldridge*, the court agreed that "as a majority stockholder, Defendants owed a fiduciary duty to Plaintiffs as minority stockholders…" However, upon review of the complaint, the Court finds that Count II (Accounting) and Count III (Breach of Fiduciary Duty) allege therein no injury directly sustained by Plaintiffs, but rather only injuries inflicted upon the corporation and stockholders generally. Nearly all of the allegations contained in Plaintiffs' claims

for accounting and breach of fiduciary duty refer to misbehavior detrimental to all shareholders and the corporation, not just to plaintiffs." [D.E. 1, ¶35]. *Lehman v. Eldridge*, 2012 U.S. Dist. LEXIS 200456, *11-12. This case is analogous to the present case. The court in *Lehman* continues, "there is no question that a corporation is an indispensable party in a derivative action brought by one of its shareholders." *Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir. 1983). The plaintiff stockholder in a derivative suit is at best a "nominal plaintiff" and the real party in interest is the corporation. However, if the management of the corporation is actively aligned against the plaintiff shareholder and his lawsuit, the corporation should be properly named as a defendant. *Id*. Here, the corporations in which Plaintiffs are minority shareholders and Defendants are majority shareholders are indispensable parties and should have been named as defendants in this action. It is clear from the Complaint that the management of the corporations, the defendants, are actively aligned against the plaintiff shareholders. Accordingly, Count I, Accounting, and Count II, Breach of Fiduciary Duty, are Dismissed." *Id*.

**WHEREFORE,** for the reasons set forth above, Defendants, Bryan S. Johnson and Nicholas Koutsodontis, respectfully request that this Court dismiss Count II and Count IV of Plaintiff's Complaint without prejudice, and grant any other relief this Court deems fair and just.

**<u>RULE 7.3 CERTIFICATION</u>**

The undersigned lawyers certify that prior to September 18, 2025, they, in good faith, attempted on multiple occasions to meet and confer with counsel for Plaintiff in an attempt to resolve this dispute, but were unable to speak with opposing counsel and reach a resolution.

Respectfully submitted,

**WOLFE LAW MIAMI, P.A.**
*Attorneys for Defendants Bryan S. Johnson and Nicholas Koutsodontis*
Latitude One Offices

175 SW 7th Street, Suite 2410
Miami, FL 33130
Phone: 305-384-7370
Fax: 305-384-7371

By: */s/ Mason R. Wolfe*
MASON R. WOLFE, ESQ.
Florida Bar No.: 124562
mrwolfe@wolfelawmiami.com

By: */s/ Richard C. Wolfe*
RICHARD C. WOLFE, ESQ.
Florida Bar No.: 355607
rwolfe@wolfelawmiami.com

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on September 18, 2025, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.