**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**25-cv-61354-EA**

Fearless Ties 4, LLC, a Tennessee Limited Liability Company.

Plaintiff,

v.

Bryan S. Johnson, a/k/a Reazy or Reazy Renegade, an individual, and Nicholas Koutsodontis, a/k/a Chiko, an individual.

Defendants.
____________________________________/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COUNT II AND COUNT IV OF THE AMENDED COMPLAINT**

Plaintiff, Fearless Ties 4, LLC ("Plaintiff" or "Fearless Ties"), by and through undersigned counsel, hereby files this response in opposition to Defendants Bryan S. Johnson and Nicholas Koutsodontis's ("Defendants") Motion to Dismiss Count II and Count IV of Plaintiff's Amended Complaint and in support thereof, states as follows:

## INTRODUCTION

This case concerns a fraud committed by Defendants Johnson a/k/a Reazy Renegade and Koutsodontis a/k/a Chiko, who through lies and omissions convinced Plaintiff in 2023 to invest $675,000 into their music and entertainment business called Hits Only Music Entertainment, LLC ("Hits Only") by entering the Amended and Restated Operating Agreement (the "Operating Agreement"). During their investment pitch, Reazy and Chiko made several misrepresentations and omissions, including that: Hits Only already owned the masters of Reazy's music, Hits Only would receive 100% of Reazy's money earned as a music producer, Hits Only had functioning

bank accounts, Hits Only had made and maintained functioning tax returns, and that Chiko and Reazy together had earned in the past few years **$2,045,454.55** in revenue.

These statements and numbers were lies. Since making its investment, not only has it come to light that Hits Only receives and produces little to no money, but Reazy and Chiko never had proper business bank accounts, never performed tax returns for Hits Only, and never even submitted Fearless Ties' investment into Hits Only's bank account.

Indeed, after months of pleading for tax returns, Defendants finally provided a 2023 tax return for Hits Only—prepared on September 13, 2024—showing 2023 income of **$5,525** and losses of **$32,169:** the same year that Chiko and Reazy induced Plaintiff to make a capital contribution of **$675,000** to the company.[1]

To hold Chiko and Reazy accountable for their fraudulent conduct, Plaintiff filed its Amended Complaint on August 29, 2025, asserting claims for fraud in the inducement, breach of fiduciary duty, breach of the Operating Agreement, inspection of books and records under Florida law, and common law conversion. D.E. 1; D.E. 16.. On September 18, 2025, Defendants moved to dismiss Count II and Count IV of the Amended Complaint. D.E. 21. As set forth below, each Count is properly pled, and Defendants' Motion should be denied.

## STANDARD OF REVIEW

Under Rule 12(b)(6), a complaint should be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

[1] Indeed, the 2021 and 2022 tax returns were not filed until 2025.

(2007). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, meaning that a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And while the Court must accept a plaintiff's well-pleaded facts as true, it need not accept "conclusory allegations, unwarranted deductions of fact[]," *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002), or "legal conclusion[s] couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quotation omitted).

In addition, on a motion to dismiss, the Court may consider documents attached to the Complaint or documents which are central to the Complaint and of undisputed authenticity. *Johnson v. City of Atlanta*, 107 F. 4th 1292, 1300 (11th Cir. 2024); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999). To the extent that such documents are inconsistent with the allegations, the documents control. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Accordingly, the Court may consider the Operating Agreement referenced in the Amended Counterclaim. D.E. 22 at ¶¶ 10, 12, 15, 26, 28.

## ARGUMENT

### I. Count II of the Amended Complaint states a plausible claim for breach of fiduciary duty against Defendants based on individualized harm suffered only by Plaintiff.

First, Defendants' motion to dismiss should be denied because Plaintiff has plausibly alleged a breach of fiduciary claim against Defendants based on individualized harm it has suffered because of Defendants' misconduct independent of any harm suffered by Hits Only. In arguing otherwise, Defendants appear to misunderstand the nature of Plaintiff's breach of fiduciary duty claim against Defendants. Plaintiff has alleged that Defendants breached their fiduciary duties to it ***individually*** by taking advantage of the trust and confidence Plaintiff reposed in them and misleading Plaintiff into sending them $625,000 with no intention ***of ever investing or using those***

***funds for Hits Only in the first instance***. *Cf. Gracey v. Eakey*, 837 So.2d 348, 353 (Fla. 2002) ("A person acting in a fiduciary . . . capacity has a duty to make a full and fair disclosure of material facts to a person reposing confidence in him."). The Amended Complaint sets forth ample facts outlining the individualized harm suffered by Plaintiff. *See* Am. Compl. ¶¶ 65-68. Indeed, "Hits Only" was essentially a sham that Defendants presented to Plaintiff to get it to send money to Defendants under the guise of an investment, but in reality the money was never intended for and never went to Hits Only. Thus, it was Plaintiff—not Hits Only—that was harmed by Defendants' breach of their fiduciary duty to Plaintiff. Defendants' claim that "[o]nce Plaintiff made the Investment, that money became an asset of Hits Only" is demonstrably false, as the money never went to Hits Only—indeed, Hits Only did not even have an operating bank account at that time. Am. Compl. ¶¶ 19, 22, 36-38. *Cf. Karten v. Woltin*, 23 So. 3d 839, 841 (Fla. 4th DCA 2009) (explaining that courts "look to the body of the complaint to determine whether the injury is direct to the shareholder or to the corporation.").

Plaintiff is not, as Defendants suggest, seeking relief based on any breach of fiduciary duties Defendants owed Hits Only. Rather, Plaintiff is seeking relief based on fiduciary duties Defendants owed to Plaintiff by virtue of Plaintiff reposing trust and confidence in Defendants as an investor in Hits Only. *See Gracey*, 837 So. 2d at 353. Under Florida law, this claim can properly be brought as a direct action. *See Kovalivker v. Team Real Est. Mgmt., LLC*, No. 18-21962-CIV, 2019 WL 9093471, at *5 (S.D. Fla. Oct. 15, 2019) (finding plaintiff properly brought a direct claim for breach of fiduciary duty where it suffered a special injury distinct from the other members of an LLC).

As in *Kovalivker*, here there "is a direct harm to the . . . member such that the alleged injury does not flow subsequently from an initial harm to the company" and "there is a special injury to

the . . . member that is separate and distinct from those sustained by the other . . . members." *Id.* (internal citation omitted). Indeed, here there was no harm to the other members because they were not fraudulently induced to send money for a sham investment that was never intended to actually be used as an investment. Just like in *Kovalivker*, Plaintiff's claim is completely unrelated to any damage to Hits Only, Plaintiff has alleged a specific injury and individualized harm, and Plaintiff has not alleged he suffered financial harm from any harm Defendants caused Hits Only through their actions. *Id.*

On this basis, all the cases Defendants cite are distinguishable. In each case, the plaintiff alleged harm to the corporation or LLC, not an individual harm as in this case and in *Kovalivker*. For instance, in *In re Weeks Landing* the Court dismissed ***derivative*** claims that "attempt[ed] to assert the rights of [the LLC]." 439 B.R. 897, 913 (M.D. Fla. 2010). That case has no bearing on this case, where Plaintiff is not seeking to vindicate any rights on behalf of Hits Only. Similarly, *Orlinsky v. Patraka* involved a claim for corporate waste based on excessive compensation that directly harmed a closely-held corporation and the shareholders were only indirectly harmed through the devaluation of the corporation. 971 So.2d 796, 801 (Fla. 3d DCA 2007). Again, it is simply irrelevant here. The same is true for *Lehman v. Eldridge*, which also involved claims for excessive compensation. No. 11-23973-CIV, 2013 WL 12059613, at *5 (S.D. Fla. Dec. 11, 2013).

To be clear, Plaintiff was individually harmed by Defendants' breaches in the form of its lost investment—a harm not shared by any other members of the LLC—as the investment was never used for the purpose for which Defendants claimed it would be used. Indeed, the investment was never placed into Hits Only at all—nor could it have been as Hits Only lacked an operational bank account—and was only used by Johnson and Koutsodontis in separate bank accounts. *See* Am. Compl. ¶¶ 35-38, 46-47, 50. At bottom, because the funds were never used or intended by

Defendants to be used by Hits Only in the first instance, the harms caused by Defendants' conduct were to Plaintiff individually and Plaintiff's breach of fiduciary duty claim is properly pled as a direct action. *See Kovalivker*, 2019 WL 9093471, at *5.

**II. Count IV of the Amended Complaint states a plausible claim for inspection of books and records pursuant to Florida Statute § 605.0410.**

Perplexingly, Defendants have moved to dismiss Count IV "for accounting." But Count IV of the Amended Complaint asserts a claim for inspection of books and records under Florida Statute § 605.0410. Indeed, there is no cause of action for "accounting" in the Amended Complaint. For this reason alone, Defendants' argument as to Count IV should be summarily rejected.

In any event, Florida law does not require an LLC to be joined as an indispensable party for a claim for inspection of books and records under Florida Statute § 605.0410. Under the statute, "[i]n a member-managed limited liability company . . . [t]he company shall furnish to each member:

> 1. Without demand, any information concerning the company's activities, affairs, financial condition, and other circumstances that is known to the company and is material to the proper exercise of the member's rights and duties under the operating agreement or this chapter, except to the extent the company can establish that it reasonably believes the member already knows the information; and
> 2. On demand, other information concerning the company's activities, affairs, financial condition, and other circumstances, except to the extent the demand or information demanded is unreasonable or otherwise improper under the circumstances."

Fla. Stat. § 605.0410(2)(b). Through this cause of action, Plaintiff seeks to enforce this statutory right. Defendants cite no case requiring Plaintiff to join the LLC to vindicate this right, as no such requirement exists. *Cf. Silver Crown Invs., LLC v. Team Real Est. Mgmt., LLC*, 349 F. Supp. 3d

1316, 1331 (S.D. Fla. 2018) (permitting a direct claim for inspection of books and records and separately dismissing other claims that were required to be brought derivatively).

## CONCLUSION

WHEREFORE, Plaintiff Fearless Ties respectfully requests that the Court deny Defendants' Motion to Dismiss Count II and IV of the Amended Complaint, and for any other relief the Court deems just and proper.

Dated: October 2, 2025

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: */s/ Cary O. Aronovitz*
CARY O. ARONOVITZ
Florida Bar No. 86425
701 Brickell Ave., Suite 3300
Jenifer Norwalk
Florida Bar No.1032053
Miami, Florida 33131
Phone: (305) 374-8500
Email: Cary.Aronovitz@hklaw.com
Email: Jenifer.Norwalk@hklaw.ccom

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF system on the 2nd day of October, 2025.

s/ Cary O. Aronovitz
Counsel for Plaintiff