**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO: 25-cv-61354-EA**

FEARLESS TIES, 4, LLC, A Tennessee Limited Liability Company,

Plaintiff,

v.

BRYAN S. JOHNSON, a/k/a Reazy or Reazy Renegade, an individual, and NICHOLAS KOUTSODONTIS, a/k/a Chiko, an individual,

Defendants.
_____________________________________________/

BRYAN S. JOHNSON, a/k/a Reazy or Reazy Renegade, an individual, and NICHOLAS KOUTSODONTIS, a/k/a Chiko, an individual, and HITS ONLY MUSIC ENTERTAINMENT, LLC,

Counter-Plaintiffs,

v.

FEARLESS TIES, 4, LLC, A Tennessee Limited Liability Company, and ADAM HOUGH, an Individual.

Counter-Defendants.
_____________________________________________/

**COUNTER-PLAINTIFFS' RESPONSE TO COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTER-PLAINTIFFS AMENDED COUNTERCLAIM**

Counter-Plaintiffs, BRYAN S. JOHNSON a/k/a Reazy or Reazy Renegade ("Johnson"), NICHOLAS KOUTSODONTIS a/k/a Chiko ("Koutsodontis"), and HITS ONLY ENTERTAINMENT, LLC ("Hits Only") (collectively referred to as the "Counter-Plaintiffs), by and through undersigned counsel, hereby files this Response in Opposition to Counter-Defendants,

FEARLESS TIES, 4, LLC's ("Fearless") and ADAM HOUGH ("Hough") (collectively referred to as "Counter-Defendants") Motion to Dismiss (the "Motion"), Counter-Plaintiff's Amended Counterclaim (the "Response"), and in support thereof allege as follows:

**OVERVIEW**

Counter-Defendant Adam Hough ("Adam") through his company, Counter-Defendant Fearless Ties ("Fearless Ties"), invested into Counter-Plaintiffs company, "Hits Only." [DE 22 ¶ 9, 12]. The parties entered in an Operating Agreement, drafted by Fearless Ties, which failed to describe the duties and obligations of each member. [DE 22 ¶ 12]. Thereafter, Adam and Fearless Ties promised to perform certain duties (the "Promised Deliverables" as described in the Amended Counterclaim). [DE 22 ¶ 11]. Adam and Fearless Ties repeatedly breached those promises, thereby causing damage to Hits Only, Johnson, and Koutsodontis. [DE 22 ¶ 15-20]. Thereafter, Adam and Fearless Ties had buyer's remorse and sued to obtain a refund of their investment, with claims of fraud in the inducement, breach of fiduciary duty, breach of contract, inspection of books and records, and conversion. [DE 1 ¶ 51, 63, 70, 79]. Counter-Plaintiff counter sued for breach of oral agreement and breach of fiduciary duty. [DE 22 ¶ 24, 31]. Counter Defendant filed a motion to dismiss the Amended Counterclaim, claiming that it lacked sufficient details of the oral agreement and is barred by the integration clause of the Operating Agreement. Counter-Defendants argument fails as the Amended Counterclaim is sufficiently plead, that the parties entered into the oral agreement *after* the operating agreement was entered into, acted upon the terms thereof, and confirmed those terms in later writings, which was breached, causing damages. Therefore, Counter-Defendants motion to dismiss Counter-Plaintiffs Amended Counterclaim should be denied.

## LEGAL STANDARD

"Under the Federal Rules of Civil Procedure, a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2). "In examining a motion to dismiss, a court accepts the plaintiff's allegations as true and construes the complaint in the plaintiff's favor." *Oy v. Mosley*, No. 09-21597-CIV, 2010 WL 11451661, at *1 (S.D. Fla. Feb. 5, 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556, 544. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). "… leave to amend a complaint 'shall be given freely when justice so requires.'" *Butler Univ. v. Bahssin*, 892 So. 2d 1087, 1089 (Fla. 2d DCA 2004) (quoting Fla. R. Civ. P. 1.190(a)). "When a complaint fails to state a cause of action, the proper approach is for the trial court to allow leave to amend, not to dismiss the complaint with prejudice." *McClamma v. Glass*, 385 So. 3d 640, 643 (Fla. 2nd DCA 2024).

## RESPONSE AND LAW IN SUPPORT

### I. Counter-Plaintiffs Allege Sufficient Facts to Confirm Existence of the Oral Agreement

Counter-Defendant first contends that Counter-Plaintiffs have failed to allege sufficient facts to establish the existence of an oral agreement, or even that such an agreement exists at all. Florida law is clear that, when considering a motion to dismiss, "a court must accept all well-pleaded allegations as true and construe them in the light most favorable to the non-moving party." *Oy v. Mosley*, No. 09-21597-CIV, 2010 WL 11451661, at *1 (S.D. Fla. Feb. 5, 2010). Furthermore,

when a motion to dismiss is filed for failure to state a cause of action, "all material allegations of the complaint are taken as true" and "all reasonable inferences drawn therefrom must be construed in favor of the non-moving party." *Lam v. Univision Commc'ns, Inc.*, 329 So. 3d 190, 192 (Fla. 3d DCA 2021). Additionally, "[t]o state a claim for breach of an oral contract, a plaintiff must allege the mutual formation of an oral contract, the obligation thereby assumed, and breach." *Ardaman & Assocs. v. Travelers Cas. & Sur. Co. of Am.*, 2009 U.S. Dist. LEXIS 7126, *1 (2009).

In paragraph 11 of the Amended Complaint, Counter-Plaintiffs clearly set forth that an oral agreement was made, which stated the duties of the parties, when the duties were created, and when the oral agreement was breached (i.e. after the oral agreement was made, in the first nine months and again in the following nine months). Additionally, Counter-Plaintiffs specifically mentions the failure of Adam to provide the merchandise for the prospective client-athlete in Paragraphs 19 and 20, and his failure to bring in additional artists and athletes mentioned in Paragraph 21.

Further, the breaches of Fearless to comply with the Promised Deliverables are numerous and to state each individual breach would be unduly burdensome, and goes far beyond what is required under Florida Law to be included in the Amended Counterclaim. Counter-Defendant's contention that the Counterclaim should be dismissed because Counter-Plaintiffs "merely recite vague, conclusory allegations about purportedly broken promises" is unfounded. The allegations in the Counterclaim are well and sufficiently plead in accordance with Florida law.

Additionally, all parties subsequently confirmed in writing the terms of the oral agreement via text message, namely the duties of each party, which supports the existence of the oral agreement. There would be no need to memorialize each member's duties and responsibilities (duties that were regularly amended through the course of business or by agreement of the parties),

unless an oral understanding already existed. See Composite Exhibit A. Counter-Plaintiff believes there are many other writings confirming the terms of the oral agreement, but these will be obtained during discovery. Moreover, any alleged deficiencies or lack of specificity claimed by Counter-Defendants in the allegations in the Amended Counterclaim would require further discovery to specify. Nevertheless, the current iteration of the Amended Counterclaim is sufficient under Florida Law. "While pleading must be sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests, the pleading is not required to set forth the detailed facts upon which the claim is based. The parties may, through discovery, inquire further into the details of the underlying claim." *CARLSON v. WPLG/TV 10*, 1994 U.S. Dist. LEXIS 20937, *1 (1994). Accordingly, Counter-Defendant's arguments to the contrary fails as a matter of both fact and law.

## II. The Oral Agreement was Memorialized in Writing After Execution of the Operating Agreement

Counter-Defendant next argues that the oral agreement is barred by the Operating Agreement's "Entire Agreement" clause (the "Integration Clause"), which provides that the Operating Agreement "supersedes all ***prior*** contracts or agreements." *See* Operating Agreement. In Florida, "it is well settled that a written contract may be modified by course of dealings." *Kiwanis Club of Little Havana, Inc. v. Kalafe*, 723 So. 2d 838, 839 (Fla. 3d DCA 1998). A written agreement may also be modified by "an oral agreement if the latter has been accepted and acted upon by the parties in such manner as would work a fraud on either party to refuse to enforce it." *Franklin Life Ins. Co. v. Davy*, 753 So. 2d 581, 586 (Fla. 1st DCA 1999). Florida courts have likewise held that "[a]n oral modification under these circumstances is permissible even though there was in the written contract a provision prohibiting its alteration except in writing." *J. Lynn Constr., Inc. v. Fairways at Boca Golf*, 962 So. 2d 928, 929 (Fla. 4th DCA 2007).

Here, Counter-Defendant expressly promised Counter-Plaintiffs that he would:

1. Obtain bookings at the Rolling Loud festival;
2. Secure endorsements and sponsorships for the entertainers and athletes affiliated with Hits Only;
3. Introduce new artists for management;
4. Negotiate merchandise agreements; and
5. Actively participate in the management of the company.

These promises were made *after* the Operating Agreement was entered into, and were memorialized in text messages thereafter. In consideration thereof, Counter-Plaintiffs performed the obligations that they agreed to perform in reliance on Counter-Defendants oral promises, in furtherance of the Companies interests. Counter-Defendant's subsequent failure to perform their end of the bargain is a breach of the clearly plead allegations as set forth in the Amended Counterclaim. Due to the fact that the oral agreement was accepted, acted upon, and later reflected in writing, it is a binding and enforceable notwithstanding the Integration Clause.

In conclusion, Counter-Defendant's two arguments both fail, in that Counter-Plaintiffs have sufficiently alleged the existence of an oral agreement and its terms, that the oral agreement was entered into and acted upon *after* the Operating Agreement, creating a new, enforceable Agreement, despite the existence of the Integration Clause. Nevertheless, if this Court agrees that the Amended Counterclaim is not sufficiently plead with enough specificity, then Counter-Plaintiff respectfully requests leave to amend the Amended Counterclaim to correct those deficiencies.

**WHEREFORE**, for the reasons set forth above, Counter-Plaintiffs, Bryan S. Johnson and Nicholas Koutsodontis, respectfully request that this Court deny Counter-Defendant,

Fearless Ties, 4, LLC's Motion to Dismiss Counter-Plaintiffs' Amended Counterclaim, and grant any other relief this Court deems fair and just.

**Respectfully submitted,**

**WOLFE LAW MIAMI, P.A.**
*Attorneys for Defendants/*
*Counter-Plaintiffs*
175 SW 7th Street, Suite 2410
Miami, FL 33130
P: 305.384.7370
F: 305.384.7371

By: /s/ *Mason R. Wolfe*

Mason R. Wolfe, Esq.
Florida Bar No.: 0124562
mrwolfe@wolfelawmiami.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

# COMPOSITE EXHIBIT A