**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO: 25-cv-61354-EA**

FEARLESS TIES, 4, LLC, A Tennessee Limited
Liability Company,

Plaintiff,

v.

BRYAN S. JOHNSON, a/k/a Reazy or
Reazy Renegade, an individual, and NICHOLAS
KOUTSODONTIS, a/k/a Chiko, an individual,

Defendants.
_______________________________________________/

BRYAN S. JOHNSON, a/k/a Reazy or
Reazy Renegade, an individual, and NICHOLAS
KOUTSODONTIS, a/k/a Chiko, an individual,
and HITS ONLY MUSIC ENTERTAINMENT, LLC,

Counter-Plaintiffs,

v.

FEARLESS TIES, 4, LLC, A Tennessee Limited
Liability Company, and ADAM HOUGH,
an Individual.

Counter-Defendants.
_______________________________________________/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SCHEDULING ORDER ON EXPEDITED CASE MANAGEMENT TRACK PURSUANT TO LOCAL RULE 16.1(a)(2)(A)**

Defendants/Counter-Plaintiffs, BRYAN S. JOHNSON, a/k/a Reazy or Reazy Renegade, and NICHOLAS KOUTSODONTIS, a/k/a Chiko (collectively referred to as "Defendants"), by and through undersigned counsel, hereby respond to Plaintiff, Fearless Ties 4, LLC ("Plaintiff" or

"Fearless Ties") Motion For Scheduling Order On Expedited Case Management Track Pursuant To Local Rule 16.1(A)(2)(A), and simultaneously move for a Pretrial Scheduling Order from this Court on a standard case management track pursuant to Local Rule 16 and in support thereof, state as follows:

## OVERVIEW

Counter-Defendant, Adam Hough ("Adam") through his company, Plaintiff, Fearless Ties, invested into the Defendants' Company "Hits Only." Adam and Fearless Ties promised to perform certain duties, but repeatedly breached same, thereby causing damages to Hits Only, Johnson, and Koutsodontis. Thereafter, Adam and Fearless Ties had buyers remorse and sued to obtain a refund of their investment claiming breach of contract and fraud. Counter-Plaintiff counter sued for breach of oral agreement and breach of fiduciary duty. Fearless Ties seeks to place this case on an expedited case management track pursuant to Local Rule 16.1(a)(2)(A), claiming that Defendants will allegedly dissipate Plaintiffs investment funds, and that this case is not complicated, there will be little to no discoverable evidence (even though discovery has not even been sought yet). Defendants disagree and request a standard track

## PROCEDURAL HISTORY

1. On July 3, 2025, Plaintiff filed the underlying lawsuit against Defendants.

2. On August 8, 2025, Defendants filed a Motion to Dismiss Counts II and IV of Plaintiff's Complaint.

3. On August 10, 2025, Defendants filed a Counterclaim against Plaintiff.

4. On August 29, 2025, Plaintiff filed an Amended Complaint.

5. On September 4, 2025, Plaintiff filed a Motion to Dismiss Defendant's Counterclaim.

6. On September 5, 2025, pursuant to the Court's Order Requiring Joint Scheduling Report, Plaintiff filed a Proposed Scheduling Report in which Plaintiff argued that this case should be placed on an expedited case management track, in which Defendants oppose.

7. On September 18, 2025, Defendants filed a Motion to Dismiss Counts II and IV of Plaintiff's Amended Complaint and also filed an Amended Counterclaim.

8. On October 2, 2025, Plaintiff filed a Motion to Dismiss Defendant's Amended Counterclaim. Also on October 2, 2025, Plaintiff filed a Response to Defendants' Motion to Dismiss Counts II and IV of the Amended Complaint.

9. On October 9, 2025, Defendants filed a Reply Brief in Response to Defendants' Motion to Dismiss Counts II and IV and the Amended Complaint.

## ARGUMENT

10. In accordance with Fed. R. Civ. P. 16(b), "the district court must issue a scheduling order that limits the time to complete discovery. Fed. R. Civ. P. 16(b)(3). Local Rule 16.1 for the Southern District of Florida governs pretrial procedure in civil actions and provides for three case management tracks: expedited, standard, and complex. S.D. Fla. Gen. R. 16.1(a)(2). The expedited track, for non-complex cases that can be tried in one to three days, provides that discovery shall be completed between 90 to 179 days from the scheduling order. S.D. Fla. Gen. R. 16.1(a)(2)(A). The standard track case, for cases requiring three to ten days of trial, provides for discovery to be completed within 180 to 269 days. S.D. Fla. Gen. R. 16.1(a)(2)(B). Local Rule 16.1 states that, in determining which track to assign a case, the court will consider certain factors, including the complexity of the case, the number of parties, the number of expert witnesses, the volume of evidence, any problems locating or preserving evidence, the time estimated by the parties for discovery and the time reasonably required for trial, among other

factors." S.D. Fla. Gen. R. 16.1(a)(3). *Pyatt v. AECOM Tech. Servs*., 2021 U.S. App. LEXIS 27447, *1 (Fla. 11th Cir. 2021).

11. Plaintiff claims that this case is deserving of an expedited track because: 1) the funds they invested with Defendants will allegedly continue to dissipate, and 2) that this case is not complicated because are fewer than five witnesses who need to present testimony, and there will be "very limited documents and other evidence that will need to be reviewed as part of discovery."

13. As to Plaintiff's first argument, there is no evidence before the Court that Defendants have "dissipated" the investment funds. To the contrary, Defendants deny same. Moreover, Plaintiff does not cite to any authority providing that this is a legitimate basis to be put on an expedited track. The only case cited by Plaintiff is *Cf. Pyatt v. AECOM Tech. Servs., Inc.*, No. 20-13422, 2021 WL 4147091, at *3 (11th Cir. Sept. 13, 2021), but this case was solely used to address Plaintiff's second argument that this case is not complicated.

14. As to Plaintiffs second argument, Defendant disagrees that this case is simple and can be adequately tried as early as "May 2026"[1] (according to Plaintiff). As an initial matter, there are competing claims. Defendant does not agree that the total amount of witnesses will be less than five per side. At the moment, there are eight (8) witnesses listed by Defendants in their initial disclosures [DE 8, A]. In reality, Defendants are unaware of the true number of witnesses at this time until discovery is conducted but estimate it could be approximately 20-30 individuals. Defendants intend to procure testimony and/or evidence from the many different athletes and artists (and their respective agents, representatives, or family members) that Adam either failed to contact, skipped meetings with, did contact but failed to perform certain duties for, or caused to

[1] Putting this case on an expedited track would make the trial date for this case as early as January 14, 2026 to April 13, 2026.

refuse to sign agreements with Hits Only due to his behavior and unprofessionalism. These witnesses live in many different cities and states. Moreover, all three of the members of Fearless Ties live outside of the state (Adam Hough has not even been served yet) further complicating this matter and the time required to adequately prepare for trial.

15. Plaintiffs claim that there are little to no documents needed for trial, however, neither party (especially Plaintiff) has even started to conduct discovery. Both sides have acted diligently, but to get to this point has still taken approximately three months, and the parties are still in the initial pleading stage.

16. Lastly, with Defendants counsel's current case load, it would be impossible in an expedited track for Defendant's counsel to adequately conduct discovery and prepare for this trial, thereby highly prejudicing Defendants. Considering the totality of the factors addressed herein, an expedited track is not appropriate nor justified and Defendants request a standard track.

**WHEREFORE**, Defendants respectfully request that the Court enter a Pretrial Scheduling Order placing this case on a standard case management track pursuant to Local Rule 16, and for any other relief this Court deems just and proper.

Respectfully submitted,

**WOLFE LAW MIAMI, P.A.**
*Attorneys for Defendants*
175 SW 7th Street, Suite 2410
Miami, FL 33130
P: 305.384.7370
F: 305.384.7371

By: */s/ Mason R. Wolfe*

Mason R. Wolfe, Esq.
Florida Bar No.: 0124562
mrwolfe@wolfelawmiami.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.