UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-61354-ARTAU/AUGUSTIN-BIRCH

FEARLESS TIES 4, LLC,

    Plaintiff,

v.

BRYAN S. JOHNSON, *et al.*,

    Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

This cause comes before the Court on Plaintiff Fearless Ties 4, LLC's Motion to Compel, to which Defendants Bryan S. Johnson and Nicholas Koutsodontis responded and Plaintiff replied.[1]  DE 45; DE 51; DE 52.  The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises.

The Court set a hearing on the Motion to Compel for January 26, 2026, at 10:30 a.m.  DE 44.  However, upon review of the briefing, the Court concludes that a hearing is unnecessary to resolve the Motion to Compel.  The Court therefore **CANCELS** the January 26 hearing.  For the following reasons, the Motion to Compel [DE 45] is **GRANTED**.

Plaintiff asks the Court to compel Defendants' full responses to Request for Production #'s 2, 3, 6, 8, 12, 13, and 19 and full answers to Interrogatory #'s 4, 5, and 6.  Defendant Koutsodontis did not object to Request for Production #'s 2 and 3.  DE 45-2 at 3.  Defendant Johnson's response to Request for Production # 2 stated that the Request "is objected to on the

---

[1] Defendants failed to respond to the Motion to Compel in a timely manner and then, when they did respond, filed a response that violates the Court's three-page limitation for briefing on a discovery motion.  *See* DE 42 at 3; DE 46; DE 47; DE 51.  The parties are advised that failure to follow the Court's procedures in the future may lead to sanctions.

grounds that," but the response then cut off, such that Defendant Johnson did not provide any ground for objection. *Id.* at 24.  Defendant Johnson did not object to Request for Production # 3. *Id.*  Having failed to provide any grounds for objections, any objections are waived under this District's Local Rules, and Defendants must fully respond to Request for Production #'s 2 and 3. *See* S.D. Fla. L.R. 26.1(e)(2)(A) ("Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.").

Defendants' objections to the remaining Requests for Production that are at issue (Request for Production #'s 6, 8, 12, 13, and 19) are wholly boilerplate objections that violate the Local Rules because they do not state with specificity the grounds for objection. DE 45-2 at 4–5, 7, 25–26, 28; *see* S.D. Fla. L.R. 26.1(e)(2)(A) ("Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds."). To the extent Defendants objected based on confidentiality, confidentiality alone is not a basis to withhold discovery. *See Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 692 (S.D. Fla. 2011) ("It is well settled that there is no absolute privilege for trade secrets or other confidential information." (quotation marks omitted)); *Kaye v. Fountaine Pajot, S.A.*, No. 07-61284-CIV, 2008 WL 11422469, at *3 n.4 (S.D. Fla. Jan. 7, 2008) (noting that "it is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery" (quotation marks omitted)).  If the parties seek entry of a Confidentiality Order, they must confer on the language of such an Order and move for its entry.  Defendants' objections to Request for Production #'s 6, 8, 12, 13, and 19 are overruled, and Defendants must fully respond to those Requests.

Defendants objected to Interrogatory #'s 4 and 5 based on irrelevance, overbreadth, and burdensomeness. DE 45-2 at 11, 32.  Those Interrogatories ask for information about Hits Only

Music Entertainment, LLC's ("Hits Only") revenue and intellectual property and are directly relevant to Plaintiff's allegations that Defendant misled Plaintiff about Hits Only's assets in order to induce Plaintiff to invest in Hits Only.  *E.g.,* DE 16 ¶¶ 39–50 (allegations in the Amended Complaint).  To the extent that Defendants believe the Interrogatories are answered through documents produced to Plaintiff, Defendants may point Plaintiff to the specific responsive documents.  Defendants' objections to Interrogatory #'s 4 and 5 are overruled, and Defendants must fully answer those Interrogatories.

Finally, Defendant Koutsodontis' objections to Interrogatory # 6 are wholly boilerplate objections that violate the Local Rules because they do not state with specificity the grounds for objection.  DE 45-2 at 11; *see* S.D. Fla. L.R. 26.1(e)(2)(A).  Defendant Johnson provided some information to substantiate his overbreadth objection. DE 45-2 at 32.  Interrogatory # 6 asks about agreements regarding music distribution rights and is directly relevant to Plaintiff's allegations that Defendants misled Plaintiff about their rights to music in order to induce Plaintiff to invest in Hits Only.  *E.g.,* DE 16 ¶¶ 15–16, 40 (allegations in the Amended Complaint).  Again, confidentiality alone is not a basis to withhold discovery.  Defendants' objections to Interrogatory # 6 are overruled, and Defendants must fully answer the Interrogatory.

Accordingly, Plaintiff's Motion to Compel [DE 45] is **GRANTED**.  Defendants must supplement their responses and answers as required under this Order **within 14 days of the date of this Order**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 23rd day of January, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

3